198 So. 620

## KENNEDY v. STATE.

### 6 Div. 668.

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Nov. 22, 1940.

Jones & Dominick, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

LIVINGSTON, Justice.

The State of Alabama filed its bill of complaint in the Circuit Court of Tuscaloosa County, Alabama, in equity, under and by virtue of sections 291 and 292 of the Reve-

nue Act of 1935 (General Acts of 1935, pages 256–377, 378), as amended by the General Act (Special Session) of 1936–37, page 91, against the respondent, John R. Kennedy.

The bill of complaint alleges, in substance, that the respondent assessed in Tuscaloosa County, Alabama, for state, county and city of Tuscaloosa taxes for the tax year 1930 (October 1, 1929 to September 30, 1930) the real property described therein: that thereafter on, to-wit, August 17, 1931, the property described was sold by the tax collector of Tuscaloosa County to the State of Alabama for delinquent state, county and city of Tuscaloosa taxes for the year 1930, with penalties and interest: that subsequent to said tax sale, there accrued against said property state, county and city of Tuscaloosa taxes for the years 1931, 1932, 1933, 1934, 1935 and 1936. That on March 20, 1937, respondent made application, in his name, to the judge of probate of Tuscaloosa County, Alabama, to redeem said property from said tax sale under the provisions of section 291, Gen.Acts of 1935, page 377, as amended by Act of 1936–37, Special Session, page 91. That said application was approved by the State Land Commissioner of the State of Alabama on, to-wit, April 6, 1937, and that in connection therewith respondent deposited with the judge of probate of Tuscaloosa County, Alabama, one-fourth of the accrued taxes on said real estate, and promised and agreed to pay to the State of Alabama the balance due on said taxes in three annual installments in accordance with the provisions of said section 291 of the Gen.Acts of 1935, page 377, as amended by the Gen.Acts of 1936–37, Sp. Sess., page 91. Respondent defaulted in the payment of installments which became due on March 20, 1938, and March 20, 1939, and on, to-wit, October 23, 1939, the State Land Commissioner for the State of Alabama declared all installments due and payable at once.

The prayer of the complaint seeks to have the court determine and fix the amount due on the installment payments and the amount of the unpaid subsequent taxes due by respondent on the described real estate located in Tuscaloosa County, Alabama, and to fix a lien on said property, and, in default of the payment of the amount found due, a foreclosure of said lien.

Section 1 of the Act of the Legislature of Alabama (Special Session) 1936–37, page 91, provides: "Whenever any real estate has prior to January 1, 1935, been sold for taxes and bid in by the State at tax sale, the same may be redeemed in the same manner as heretofore provided for sales made after January 1, 1935, except that the following additional provisions shall apply: All persons having the right to redeem, such redemption shall be made as in other cases, except that the party desiring to redeem may pay the amount of accrued taxes in four equal installments without interest or penalties. Any person having the right to redeem any property sold to the State for taxes, and who desires to redeem under the provisions hereof, shall, before January 1, 1938, make application to the State Land Commissioner and to the Probate Judge of the County where the real estate is situated, and shall deposit with the Probate Judge one-fourth of the amount of accrued taxes without interest and penalties and annually thereafter, shall pay one-fourth of said sum to the Probate Judge until the whole amount required has been paid, and thereupon certificate of redemption shall be issued as in other cases."

Section 292 of the Act of the Legislature of Alabama of 1935, page 378, reads as follows: "The State of Alabama shall have a lien for all unpaid partial payments as well as for taxes for any subsequent year, and in case of the failure to pay any one of said installments together with the taxes for any subsequent year, either or both, the State Land Commissioner for and in the name of the State of Alabama, shall at his option declare all said installments due and payable at once. In case of default in payment of any installment or of any subsequent taxes, the State Land Commissioner in the name of the State shall have a right to file a bill in equity to foreclose the lien of the State, and in such suit all parties at interest shall be made parties defendant. Such suit shall be filed in the county where the land or the major portion thereof is situated. The Court shall determine what amount, if any, of such taxes or installments are illegal, and in its final decree shall determine the total amount due on such installment payments, and any unpaid subsequent taxes, and shall render judgment therefor which shall include costs and shall order the property sold to satisfy the decree in the same manner as in the foreclosure of mortgages on real estate in the Court of Equity. If at such sale no one bids a sufficient sum to pay the full

amount of the decree, the officer conducting the sale shall announce that the real estate is sold to the State of Alabama for the amount of the decree, interest and costs, and the sale shall be reported to the court and be confirmed and a deed made to the State of Alabama, and the State shall be entitled to a writ of possession. The purchaser at such sale, including the State shall be entitled to a deed, and the same processes and remedies to obtain possession of the premises as in other suits where land is sold under order of a court of equity, and the title to the land conveyed by such deed shall be indefeasible as to all parties defendant in the action."

To the bill of complaint the respondent filed demurrers, which were overruled by the lower court, and from the ruling on demurrers this appeal was perfected.

The demurrers directed to the bill of complaint present only two questions for determination: first, the adequacy of the remedy at law in such cases; and, second, that the bill contains no equity.

In disposing of the first insistence of the appellant, we need only quote from the Act itself (section 292, General Acts 1935, page 378): "In case of default in payment of any installment or of any subsequent taxes, the State Land Commissioner in the name of the State shall have a right to file a bill in equity to foreclose the lien of the State, and in such suit all parties at interest shall be made parties defendant." Suffice it to say, that the remedy here afforded is in addition to any remedy provided for in section 3099, Code of 1923, and which section has no application to the case at bar.

The second question insisted upon must also be resolved against the appellant. The Act provides for the redemption of real estate sold to the State of Alabama at tax sale in certain enumerated cases. The Act also provides for the foreclosure of a lien retained by the State of Alabama when this manner or method of redemption is attempted but not carried out. Substantially, the bill of complaint alleges a compliance with the requirements of the statute, and does contain equity.

The question as to the validity of the tax sale, at which the State of Alabama became the purchaser of the real estate described in the complaint, is not raised by this record,

and, for that reason, we have not treated the same.

The demurrers to the bill of complaint were properly overruled, and the cause is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.